## WILL REESE v. THE STATE.

No. 12360. Delivered January 9, 1929.
Rehearing denied February 27, 1929.

The opinion states the case.

*McCall & Crawford* of Conroe, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor; punishment, three years in the penitentiary.

We find in the record neither statement of facts nor bills of exception. The judgment and sentence appear to follow the charge laid in the indictment.

No error appearing, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The indictment contains two counts. In the first it is charged that the appellant did then and there unlawfully transport spirituous, vinous and malt liquors and intoxicating liquors capable of producing intoxication. In the second count it is charged that the appellant did then and there unlawfully have in his possession for the purpose of sale spirituous, vinous and malt liquors and intoxicating liquors capable of producing intoxication. The count charging transportation *alone* was submitted to the jury. There was a general verdict on which a judgment was entered describing the offense as "transporting intoxicating liquor as found by the jury." The judgment also fails to take note of the law allowing the indeterminate sentence.

The sentence and judgment will be reformed so that the appellant will be found guilty of unlawfully transporting spirituous, vinous and malt liquors, and sentenced to confinement in the penitentiary for a period of not less than one nor more than three years. See Art. 847, C. C. P. 1925. With such corrections the motion for rehearing is overruled.

*Overruled.*